UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JC MCCRARY,

                        Plaintiff,                    9:08-CV-0366

    vs.

BRIAN FISCHER, Commissioner of the NYS
Department of Correctional Services,

                        Defendant.
_____

APPEARANCES:

JC Mccrary
07-A-1127
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION and ORDER

      Plaintiff JC McCrary commenced this action by filing a *pro se* civil rights complaint, together with an application to proceed *in forma pauperis.* Dkt. Nos. 1, 2. By Decision and Order filed May 1, 2008, plaintiff's complaint was dismissed because (1) his claim for money damages was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) since he had not demonstrated that the calculation of his sentence by the defendant has in any way been invalidated and (2) his sole remedy for challenging the fact or duration of his confinement was through a habeas petition pursuant to 28 U.S.C. § 2254. Dkt. No. 4. Presently before the Court is plaintiff's motion for reconsideration of the May 1, 2008 Decision and Order. Dkt. No. 6.

      In his letter motion, plaintiff argues that, when the Court dismissed this action, it "did not decide whether plaintiff was entitled to declaratory and/or injunctive relief as requested in plaintiff's

complaint." Dkt. No. 6.  Plaintiff asks if he could "amend his complaint to exclude the claim for damages and proceed with his claims for declaratory and injunctive relief." *Id*.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney*, 899 F.Supp. at 925 (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*  Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

Plaintiff has not indicated upon which justification he bases his motion for reconsideration. Since plaintiff does not suggest either that there has been an intervening change in the controlling law or that he has discovered new evidence, the Court assumes that plaintiff seeks to argue that reconsideration is necessary to remedy a clear error or law or to prevent manifest injustice.

In addition to advising that plaintiff could not seek monetary damages, the May 1, 2008 Decision and Order also advised that plaintiff's proper remedy with respect to his claims which could alter the fact or duration of his incarceration was by way of a habeas petition filed pursuant to 28 U.S.C. § 2254. Dkt. No. 4 at 4-5. In his complaint, plaintiff sought injunctive relief "prohibiting the Defendant from continuing his policy ... [of] altering the terms or elements of a prisoner's sentence administratively or

2

by operation of law." Dkt. No. 1 at 3. Plaintiff sought declaratory relief "outlawing the Defendant's continued policy ... [of] altering the terms or elements of a prisoner's sentence administratively or by operation of law." *Id*. If plaintiff were successful on either of these requests for relief, the fact or duration of his confinement would necessarily be effected. The law is clear that the sole mechanism for challenging the length of confinement is a habeas petition.

> In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500, 93 S.Ct. at 1841 (state prisoners' claims seeking injunctive relief compelling restoration of good-time credits, thus causing their immediate release, must be brought by way of habeas corpus); *see also, e.g., Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Hall v. NYS Division of Parole,* No. 00-0053, 225 F.3d 645 (table), 2000 WL 1186256 at *2 (2d Cir. Aug. 21, 2000) (suit for declaratory and injunctive relief and damages, challenging constitutionality of parole guidelines dismissed; claims could only be brought as habeas petition); *Jenkins v. Daubert,* 179 F.3d 19, 23 (2d Cir.1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only [habeas relief under 28 U.S.C .] § 2254(b) with its exhaustion requirement may be employed."); *Jackson v. Johnson,* 15 F.Supp.2d 341, 349 (S.D.N.Y.1998) (Kaplan, D.J. & Peck, M.J.) (" *Preiser* ... is based on the principle that habeas corpus, not Section 1983, is the appropriate vehicle for challenging the existence or duration of confinement.").

*Romer v. Travis*, 00 CIV 8671, 2001 WL 220115, at *2 (S.D.N.Y. Jan. 31, 2001). Therefore, plaintiff's requests for injunctive and/or declaratory relief were properly dismissed. Plaintiff thus presents no basis for reconsideration in this regard.

Based upon the Court's review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice on plaintiff. Accordingly, the Court denies plaintiff's motion for reconsideration.

WHEREFORE, it is hereby

ORDERED that plaintiff's motion for reconsideration (Dkt. No. 6) of the May 1, 2008, Decision and Order is **DENIED**, and it is further

ORDERED that the Clerk serve a copy of this Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: May 21, 2008

_____
Norman A. Mordue
Chief United States District Court Judge